UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN,

    Plaintiff,

v.                                                Case No. 3:19-cv-717-J-34MCR

CAPT. NANCY S. CRAWFORD,
et al.,

    Defendants.
_____

## ORDER

### I.    Status

Plaintiff James Logan, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on June 7, 2019,[1] by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the Complaint, Logan names as defendants Nancy Crawford, W. Archie, S. Billy, J. Carter, J. Rivas, G. Waldron, C. Lane, C. Hodgeson, B. Jonas, B. Dillon, F. Cruz, J. Alston, L. McDonald, E.M. Rosado, and P. Morgan. Logan alleges that on June 24, 2018, the Defendants conspired to gas him without justification, deprive him of property and meals immediately thereafter, and cover up their misconduct. See generally Complaint. As relief, Logan seeks compensatory and punitive damages.

Before the court is Defendants Morgan, Cruz, Jonas, and McDonald's motion to strike in forma pauperis status and motion to dismiss (Motion; Doc. 33), filed on December 23, 2019. In the Motion, Defendants argue that (1) Logan has had "three strikes" such

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

that he should not be entitled to in forma pauperis status; and (2) he has failed to state a claim upon which relief can be granted. Motion at 1. Logan filed a response in opposition (Response; Doc. 39) on March 5, 2020. The Motion is ripe for review.

## II.     Three-Strikes

Defendants contend that Logan has previously filed at least three cases that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. Motion at 2-3. According to Defendants, the following cases count as "strikes":  (1) Logan v. Neel, Case No. 3:11-cv-646-J-12TEM (M.D. Fla. 2011) (Case No. 11-cv-646); (2) Logan v. Licata, Case No. 2:02-cv-66-FTM-29DNF (M.D. Fla. 2002) (Case No. 02-cv-66); and (3) Logan v. Savage, Case No. 2:01-CV-588-FTM-29DNF (M.D. Fla. 2001) (Case No. 01-cv-588).[2] Id. at 4. Defendants maintain the Complaint should be dismissed or Logan should be required to pay the full filing fee. Id. at 3. In his Response, Logan contends, in a conclusory manner, that Defendants' three-strike argument is meritless and cites in support of this contention an order from one of his previous civil rights cases that discussed Case Nos. 02-cv-66 and 01-cv-588 in the same context. Response at 1.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while

---

[2] In Case No. 01-cv-588, the district court dismissed Logan's pro se civil rights complaint without prejudice because Logan conceded in the complaint that he had not yet completed the administrative remedy process. Mot. Ex. 1. The district court made the same determination in Case No. 02-cv-66. Mot. Ex. 2. In Case No. 11-cv-646, the district court dismissed Logan's pro se civil rights complaint because he failed to a state a claim upon which relief could be granted. Mot. Ex. 3.

2

> incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. The Eleventh Circuit has interpreted § 1915(g) to mean that dismissals on only three specific grounds constitute a strike; frivolity, maliciousness, and failure to state a claim upon which relief may be granted. See Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1284-85 (11th Cir. 2016) ("[T]hese three grounds are the only grounds that can render a dismissal a strike.") (emphasis in original).

Respondents rely on an Eleventh Circuit decision in which the court held, in part, that a district court's determination that a previous lawsuit dismissed for a failure to exhaust administrative remedies constituted a strike under § 1915(g), because "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated by Jones v. Bock, 549 U.S. 199, 127 (2007). Notably, in Rivera, the plaintiff had failed to allege any facts related to exhaustion of administrative remedies, which the Eleventh Circuit considered at the time to be a necessary pleading requirement. Id. As the plaintiff did not plead exhaustion, the Eleventh Circuit held that a dismissal for failure to exhaust counted as a strike. Id. However, in Jones, the United States Supreme Court held "that failure to exhaust is an affirmative defense under the PLRA," but "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. The Supreme Court explained that "[w]hether a particular ground for

3

opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Id. at 215. So, while a plaintiff is not required to plead exhaustion, if the allegations in the complaint demonstrate the presence of an affirmative defense, such as lack of exhaustion, then the plaintiff has failed to state a claim upon which relief can be granted. See id. at 216 (noting "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."); see also Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) (reasoning that in light of Jones "a complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint."). As recently as January of this year, the Eleventh Circuit approvingly cited Rivera for the proposition that a dismissal for failure to exhaust administrative remedies "counts as a strike under our precedent." White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) (citing Rivera, 144 F.3d at 728-31); see also Nelson v. Singer, No. 3:12-cv-361-J-20JRK, 2013 WL 2285088, at *1 (M.D. Fla. May 22, 2013) (acknowledging that the court "must follow the Eleventh Circuit's precedent in Rivera" and count a dismissal for failure to exhaust as a strike under § 1915(g)).

Indeed, a jurist of this Court had determined that one of Logan's prior lawsuits, Case No. 01-cv-588, constituted a strike because Logan admitted he had not exhausted his administrative remedies. See Logan v. Chestnut, No. 3:08-cv-993-J-12JRK, 2011 WL 1419647, at *1 (M.D. Fla. Apr. 13, 2011). As noted by Logan in his Response, in that same case, the court, after writing an extensive analysis, declined to consider the dismissal of Case No. 02-cv-66 as a strike "because it appears that the Plaintiff complied with all of the requirements to exhaust his administrative remedies." Id. Even if the Court

4

accepted the same rationale as expressed in Chestnut, upon review Logan still has three strikes. Regardless of whether the dismissal of Case No. 02-cv-66 counts as a strike, the dismissal of Case Nos. 01-cv-588 and 11-cv-646 still count as strikes. After researching Logan's previous lawsuits, the Court takes judicial notice of Logan v. Crawford, et al., No. 19-10906-E, which the Eleventh Circuit dismissed as frivolous on May 29, 2019. The dismissal of this case is a strike. As such, Logan had three or more qualifying dismissals; Case Nos. 01-cv-588,11-cv-646, and 19-10906-E; prior to filing this suit on June 14, 2019. Additionally, the allegations in Logan's Complaint and motion to proceed in forma pauperis do not warrant the imminent danger exception to dismissal.

Under Eleventh Circuit precedent, a three-strike litigant "must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). For this reason, the Eleventh Circuit specifically held that, a district court is not required to give a prisoner an opportunity pay the full filing fee prior to dismissal. Id. Instead, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)." Id. Accordingly, because Logan had at least three-strikes under § 1915(g) before initiating this action, the Complaint is due to be dismissed. See id. As such, the Motion is due to be granted to the extent that it seeks dismissal under § 1915(g); however, the remainder of the Motion is due to be denied as moot.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants' Motion (Doc. 33) is **GRANTED** to the extent Defendants seek to strike Logan's in forma pauperis status and dismiss the case, but **DENIED as moot** as to the remaining issues raised.

2. The Court's Order (Doc. 6) granting Logan in forma pauperis status is **VACATED**.

3. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of March, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
C:
James Alexander Logan, FDOC #Y00683
Counsel of Record